UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BETH A. HARDESTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-00515-JMS-MPB |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

Plaintiff Beth Hardesty applied for disability benefits under the Social Security Act on September 3, 2013, on the basis of a series of physical and mental impairments. [Filing No. 13-2 at 22.] Her claim was denied initially, and a hearing was held before Administrative Law Judge James Norris on August 19, 2015. [Filing No. 13-2 at 22.] On September 9, 2015, the ALJ issued an opinion concluding that Ms. Hardesty was not disabled as defined by the Social Security Act. [Filing No. 13-2.] The Appeals Council denied Ms. Hardesty's request for review on January 5, 2016, making the ALJ's decision the Commissioner's final decision subject to judicial review. [Filing No. 13-2 at 2.] Ms. Hardesty filed this civil action pursuant to 42 U.S.C. § 405(g), asking this Court to review her denial of benefits. [Filing No. 1.]

**I.
STANDARD OF REVIEW**

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind

1

of inability, namely, an inability to engage in any substantial gainful activity. Second it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last . . . not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [her] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, [she] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [she] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

2

After Step Three, but before Step Four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for steps one through four; only at step five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## II.
### RELEVANT BACKGROUND[1]

Ms. Hardesty was born in 1975. [Filing No. 13-2 at 63.] She holds a GED, [Filing No. 13-2 at 63], and has been previously employed as a telemarketer and a store manager, [Filing No. 13-2 at 71]. As Ms. Hardesty's mental impairments are the sole issues implicated by her claim, the Court limits its discussion to those relevant facts.

---

[1] Both parties provided detailed descriptions of Ms. Hardesty's medical history and treatment in their briefs. [Filing No. 19; Filing No. 24.] Because those descriptions implicate sensitive and otherwise confidential medical information about Ms. Hardesty, the Court will simply incorporate those facts by reference and only detail specific facts as necessary to address the parties' arguments.

Ms. Hardesty completed three consultative examinations regarding her mental health impairments. Dr. Jared Outcalt examined Ms. Hardesty on March 29, 2014 and concluded that she "appears capable of adequate relational, cognitive, and affective functioning in typical work environments, though she would benefit from calmer settings that require less social interaction." [Filing No. 13-8 at 73.] Dr. Outcalt also concluded that Ms. Hardesty presented as able to "learn, remember, and comprehend simple instructions." [Filing No. 13-8 at 73.] Dr. David Fingerhut examined Ms. Hardesty on September 15, 2014, and he concluded:

> …her mental health symptoms do not appear to adversely affect her cognitive functioning at this time. Her symptoms do appear to hinder her ability to complete advanced daily functioning tasks, her interpersonal interactions, and her quality of life at this time…[s]he has been able to work in the recent past and appears cognitively capable of working.

[Filing No. 13-10 at 125.] And on June 2, 2015, Dr. Thomas Smith concluded that "[s]he is likely to be very unstable in work or other situations where she is expected to perform certain duties and/or interact with people." [Filing No. 13-11 at 79.] Dr. Smith assessed Ms. Hardesty's ability to interact appropriately with supervisors and coworkers as "markedly" affected by her impairments. A designation of "marked" impairment indicates that "[t]here is serious limitation in this area. There is a substantial loss in the ability to effectively function." [Filing No. 13-11 at 79.]

Dr. Jack Thomas testified at the hearing regarding Ms. Hardesty's mental health impairments. [Filing No. 13-2 at 8.] He summarized the findings of Dr. Outcalt and Dr. Fingerhut, and he made no mention of Dr. Smith's examination or report. [Filing No. 13-2 at 8-10.] Dr. Thomas testified that Ms. Hardesty would have functional impairments, including that "[s]uch a person could only have occasional contact with the general public, occasional contact with coworkers, and occasional contact with supervisors." [Filing No. 13-2 at 60.]

4

Using the five-step sequential evaluation set forth by the Social Security Administration in 20 C.F.R. § 404.1520(a)(4), the ALJ ultimately concluded that Ms. Hardesty is not disabled. [Filing No. 13-2 at 46.] The ALJ found as follows:

- At Step One of the analysis, the ALJ found that Ms. Hardesty meets the insured status requirements of the Social Security Act through December 31, 2009, and has not engaged in substantial gainful activity[2] since her alleged onset date of October 6, 2008. [Filing No. 13-2 at 24.]

- At Step Two of the analysis, the ALJ found that Ms. Hardesty has the following severe impairments: degenerative disc disease, fibromyalgia, asthma, irritable bowel syndrome, obesity, depressive disorder, anxiety disorder, and borderline personality disorder. [Filing No. 13-2 at 24.]

- At Step Three of the analysis, the ALJ found that Ms. Hardesty does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [Filing No. 13-2 at 25.] The ALJ considered various listings, but ultimately found that Ms. Hardesty did not meet any of them. [Filing No. 13-2 at 25.]

- After Step Three but before Step Four, the ALJ found that Ms. Hardesty has the RFC to work as follows:

    …perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can lift and carry 20 pounds occasionally and 10 pounds frequently; sit for 2 hours at one time and for a total of 6 hours in an 8-hour day; stand for 30 to 60 minutes at one time and for a total of 3 hours out of an 8-hour day; and walk for 30 minutes at one time and for a total of 2 to 3 hours in an 8-hour day. She can push, pull, work overhead, and operate foot

---

[2] Substantial gainful activity is defined as work activity that is both substantial (i.e. involves significant physical or mental activities) and gainful (i.e. work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a); 20 C.F.R. § 416.972(a).

5

> controls frequently bilaterally. She can occasionally balance, stoop, kneel, and climb stairs using a handrail. She should never crouch, crawl, or climb ladders or scaffolds. She should have no exposure to unprotected heights or commercial driving. She can have frequent exposure to moving mechanical parts. She can have occasional exposure to humidity, wetness, dust, odors, fumes, respiratory irritants, and extremes of heat and cold. She would require bathroom access in the workplace. Due to mental limitations, she should have only occasional contact with the general public, coworkers and supervisors. She could do only simple repetitive tasks that are routine type tasks to where the expectations do not vary significantly from day to day, and there should be no fast-paced tasks.

[[Filing No. 13-2 at 30](#).]

- At Step Four of the analysis, the ALJ concluded that Ms. Hardesty was not capable of performing any past relevant work. [[Filing No. 13-2 at 44](#).] The ALJ specifically found that the skill levels of Ms. Hardesty's past positions exceeded the demands of the RFC assessed in his decision. [[Filing No. 13-2 at 44](#).]

- At Step Five of the analysis, the ALJ found that there are other jobs existing in the national economy that Ms. Hardesty is able to perform, specifically as an inspector. [[Filing No. 13-2 at 45](#).]

- Based on these findings, the ALJ concluded that Ms. Hardesty is not disabled as defined by the Social Security Act and, thus, is not entitled to the requested disability benefits. [[Filing No. 13-2 at 46](#).]

### III.
#### DISCUSSION

Ms. Hardesty presents multiple issues on appeal that she contends require this Court to vacate the decision of the ALJ denying her request for disability benefits. [[Filing No. 19](#).] First, Ms. Hardesty argues that substantial evidence does not support the ALJ's assessed RFC, because it fails to incorporate her marked social restrictions and her limitation to following simple

instructions. [Filing No. 19 at 15-19.] The Commissioner responds that the RFC adequately accounts for all limitations and is supported by substantial evidence. [Filing No. 24.]

A claimant's RFC "is the most [the claimant] can still do despite [her] limitations," and is assessed "based on all the relevant evidence in the claimant's case record." 20 C.F.R. § 404.1545(a)(1). "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano*, 556 F.3d at 563. Thus, the RFC must be supported by substantial evidence in the record. *Clifford*, 227 F.3d at 873. The ALJ must connect the evidence to the conclusion through an accurate and logical bridge. *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009).

The ALJ here failed to provide a logical bridge connecting the evidence to his conclusion. Dr. Smith concluded that Ms. Hardesty suffers from "marked" limitations in "interact[ing] appropriately" with coworkers and supervisors. [Filing No. 13-11 at 80.] The ALJ's decision states that "Dr. Smith's opinion is given great weight as it is consistent with the record as a whole." [Filing No. 13-2 at 42.] Yet, the ALJ also concluded that "[a]lthough the claimant has some limitations in this area, the record does not establish that her ability to interact appropriately with others or to function socially is markedly impaired." [Filing No. 13-2 at 28.] And he concluded that "[i]n social functioning, the claimant also has 'moderate' difficulties." [Filing No. 13-2 at 28.] These statements directly contradict the evidence provided by Dr. Smith, whose opinion the ALJ assigned "great weight." [Filing No. 13-2 at 42.]

These conflicting statements leave this Court unable to discern the basis upon which the ALJ connected the medical evidence to his conclusions. It is possible that the ALJ determined that the opinions of some of the consultative examiners were more consistent with a finding of

7

"moderate" impairment, and he chose to assign more weight to those assessments than those of Dr. Smith. However, the written decision does not explain the gap between the findings of Dr. Smith, which were given great weight, and the ALJ's contrary conclusions. Without that explanation, the decision fails to create a logical bridge between the evidence and the ALJ's conclusions.

The Commissioner argues that even if the ALJ had relied on Dr. Smith's assessment of a "marked" limitation in social functioning, the RFC adequately accounts for such a limitation by including the language that Ms. Hardesty should have only "occasional contact" with supervisors and coworkers. The Court disagrees. A finding of "marked" impairment in social function could impact the ALJ's RFC finding. According to SSR Ruling 85-15:

> The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; *to respond appropriately to supervision, coworkers, and usual work situations*; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would *severely limit the potential occupational base*. This, in turn, would justify a finding of disability because even favorable age, education, or work experience will not offset such a severely limited occupational base.

SSR 85-15 (S.S.A. 1985) (emphasis added). Without further explanation, the Court cannot determine what factors influenced the ALJ's findings, and in turn, whether substantial evidence supports the ALJ's conclusion that the restriction of "occasional" contact with supervisors and coworkers adequately accounts for Ms. Hardesty's limitation. This issue requires remand for further explanation by the ALJ.

Ms. Hardesty also argues that the ALJ failed to incorporate an RFC restriction that she was limited to "simple instructions." [Filing No. 19 at 23.] The Commissioner responds that the ALJ included the restriction that Ms. Hardesty must be limited to "simple repetitive tasks that are

8

routine type tasks to where the expectations do not vary significantly from day to day," and that this restriction adequately addresses the "simple instructions" limitation.  [Filing No. 24 at 14-15.]

In determining an individual's RFC, "the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano*, 556 F.3d at 563.  Dr. Outcalt concluded that Ms. Hardesty was able to "learn, remember, and comprehend simple instructions," [Filing No. 13-8 at 73], and the ALJ assigned "great weight" to Dr. Outcalt's opinion [Filing No. 13-2 at 41].  The Court can imagine scenarios in which "simple instructions" may not correspond to "simple tasks," and courts and Administrative Law Judges routinely list "simple tasks" and "simple instructions" separately in their RFC determinations.  *See, e.g., Fuller v. Colvin*, 2015 WL 5775820, at *3 (S.D. Ind. 2015). On remand, the ALJ should address the "simple instruction" limitation and ensure that it is accounted for in the RFC.

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **VACATES** the ALJ's decision denying Ms. Hardesty benefits and **REMANDS** this matter for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four).  Final judgment will issue accordingly.

Date: 12/22/2016

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Adam M. Dulik
Adam.dulik@gmail.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov